STATE *vs.* ALFRED FRANCIS.

MARCH 9, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

74

BAKER, J. This is a complaint and warrant charging that the defendant did feloniously steal a certain sum of money. After a trial in the superior court before a jury he was found guilty as charged. His motion for a new trial was denied by the trial justice and defendant has duly prosecuted his bill of exceptions to this court.

Such bill contains several exceptions, the last three of

which are not pressed and are therefore deemed to have been waived. The first exception is to the ruling of the trial justice denying defendant's motion for a new trial based on the usual grounds that the verdict was against the law and the evidence and in addition on the ground that it did not do substantial justice. This exception also includes the following ground which was set out in substance by defendant in his motion for a new trial: "The Court erred in denying defendant a new trial upon the ground that the jury considered as evidence places and things seen upon a view which places and things were not testified to by any witness." The remaining exception is to the ruling of the trial justice in granting the motion of the state to take a view.

The evidence shows that on August 25, 1943 Mrs. Gabrielle V. Bushee had cashed at a bank a government check for $56.25, which was the amount she received from the sale of three government bonds. Mrs. Bushee, who appeared as the complaining witness throughout, for convenience will be referred to hereinafter as the complainant. She testified as to the number and denominations of the bills given her at the bank and stated that she placed them in her billfold early the following morning. She also said that about 10 a.m. on August 26 she paid $1.70 to her milkman when he came to her house, giving him a $5 bill from the billfold. By error she received $4.30 in change and she returned $1 to him. While doing this she noticed that two of the $1 bills were creased at the bottom thereby holding them together, that the top bill had a little tear in the crease, and that they were back to back. These bills which she received as change from the $5 bill she placed in her billfold.

In addition it appears from the evidence that on August 26 the defendant, who was acting as a salesman for a company dealing in roofing and siding or insulation materials, was making a house-to-house canvass of a certain residential neighborhood in the town of North Providence. About 2

p.m. while thus engaged he was admitted into the house owned by complainant and her husband, the latter being away at his work. She and defendant went into a room described as the living room and the former sat in a chair next to a console type radio. Shortly before that she had placed. on the top of the radio her billfold containing slightly more than $54, which she intended to put in her shopping bag, as she was about to go out. Defendant attempted to interest her in purchasing what he referred to as insulation and showed her a book containing pictures and printed matter. However, she told him that she was not interested. During the greater part of this time defendant stood directly against the radio and between it and the complainant. He stayed only a short time and left without further discussion. She also testified that on August 26 no one came to her home after 10 a.m. until the defendant arrived about 2 p.m.

Within a few minutes after defendant had gone complainant discovered that the billfold containing her money was missing. She at once telephoned the North Providence police and in a very short time a policeman came to her house in a scout car, so called. She entered the car and was driven by the officer through several neighboring streets, and after five or ten minutes had elapsed defendant, who was pointed out by the complainant, was seen as he was about to enter another house. He was requested by the officer to get into the police car and he did so without objection. The car was driven to the North Providence police headquarters where defendant was examined by the town police authorities and by a trooper of the state police. Upon being searched he was found to have in his possession $102. Complainant's billfold was not discovered but before leaving the headquarters building she identified two of the bills taken from defendant as part of the change given her by the milkman when she paid him that morning. The identification was made through the peculiar way in which such bills were folded together and creased.

After being held for further examination defendant was arrested and charged with the offense set out in the present complaint and warrant. At that time and at the trial he admitted being in complainant's home on the day charged but denied seeing any billfold there or stealing a billfold or any money. He testified in substance that the state police trooper folded the bills in question at the town police headquarters under the guidance and direction of complainant soon after the money was taken from defendant's person. He also introduced evidence tending to show that earlier that day he had cashed a check for $37.20 covering commissions previously earned by him, and that the day before he had a roll of bills in his possession which he contended covered the balance of $102 he had with him when he was examined by the police.

One of the exceptions pressed by defendant is to the decision of the trial justice in permitting the jury on the state's motion to take a view. In our opinion this exception is without merit. The ordering of a view and the regulating of the proceedings at the view are dealt with by statutory enactment. G. L. 1938, chap. 508, §1. It is well settled that the disposition of a motion to take a view is discretionary with the trial court. *State* v. *Germain,* 47 R. I. 269. The mere fact that in the present case the view was taken in the latter part of the trial while defendant was testifying is not in itself good ground for an exception.

Defendant's only other proper exception is to the denial of his motion for a new trial. The trial justice reviewed the evidence, stated that he was impressed by the testimony and by the manner of testifying of complainant and the state police trooper, and held that in his opinion defendant had a fair trial and the jury was warranted in returning their verdict. We have examined the evidence which is conflicting on several matters, and while largely circumstantial that fact alone does not prevent a verdict of guilty from being upheld. Such a situation, however,

does raise in the first instance a jury question, particularly regarding the credibility of the witnesses and the drawing of reasonable inferences from the evidence. In that regard the jury and the trial justice have the advantage which we do not have of seeing and hearing the witnesses testify.

It is well settled that we do not disturb the decision of a trial justice on a motion for a new trial unless we find such decision to be clearly wrong or that he has overlooked or misconceived material evidence. *State* v. *Blood,* 70 R. I. 85, 107. In the instant case we find nothing to indicate that he overlooked or misconceived such evidence and we cannot say that his decision was clearly wrong. In our opinion therefore defendant's exception to the refusal of the trial justice to grant his motion for a new trial cannot be sustained on the ground that such decision was against the law, the evidence and the weight thereof, or failed to do substantial and impartial justice.

In support of his above exception defendant also takes the position that the trial justice should have granted the motion for a new trial on the ground that the jury considered as evidence places and things seen upon the view but which were not testified to by any witness. Assuming that the above ground, which was stated in defendant's motion for a new trial, is appropriately included in his present bill of exceptions under the exception now being considered, it is our opinion that in the circumstances defendant has not taken the steps in the superior court that were necessary to obtain a ruling thereon and to bring before us the question he is seeking to raise.

From the record herein, the considerations which may have influenced the action of the jury in arriving at their verdict are matters of pure speculation. In the superior court defendant did not at any time obtain, through the medium of any motion or request, a ruling from the trial justice on the point in issue so that he could except thereto, if the ruling was unfavorable, and have it reviewed by this court. No affidavit nor proof of any other nature

was filed with his motion for a new trial to support the ground in question. We find therefore that defendant's exception to the denial of his motion for a new trial should be overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Attorney General, *Alfred E. Motta,* Special Counsel, for state.

*Fergus J. McOsker,* for defendant.